IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BESWEET CREATIONS, LLC,  )
*a Florida limited liability company*,  )
  )
       Plaintiff,  )
  )
v.  )
  )
JOHN DOE, d/b/a RETAIL SERVICES,  )
  )
       Defendant.  )
_____)

## COMPLAINT

Plaintiff BESWEET CREATIONS, LLC, (hereinafter "Plaintiff" and/or "BeSweet"), by and through its undersigned counsel, brings this action against John Doe Defendant, (hereinafter "Defendant" and/or "Retail Services"), for trademark infringement and trademark counterfeiting under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act").

## NATURE OF ACTION

1. This suit arises from Defendant's misappropriation of Plaintiff's protected marks and identifiers in connection with the sale of potentially hazardous imitation vitamin products. Earlier this year, Plaintiff became aware of Defendant's sale, distribution, and advertising of vitamin products having packaging, branding, and an appearance that was substantially identical to the packaging, branding, and an appearance used by Plaintiff to sell its vitamin products. Such use of Plaintiff's protected marks and identifiers by Defendant in connection with the sale, distribution, or advertising of imitation vitamin products is not merely likely to cause confusion,

or to cause mistake, or to deceive, it is intended to cause confusion, or to cause mistake, or to deceive.  By trading upon the goodwill, fame and credibility inherent in Plaintiff's SUGARBEARHAIR mark and other identifiers, Defendant is attempting to trick members of the public that are looking to purchase vitamin products from Plaintiff into purchasing Defendant's imitation products which, on information and belief, have not been tested for safety or efficacy.

2. Plaintiff now brings this action for injunctive and other relief under the Lanham Action for trademark infringement and trademark counterfeiting.  Plaintiff seeks to prevent further misappropriation of its marks and identifiers by Defendant; to cause Defendant to cease and desist from further defrauding the American public; and to recover damages arising from Defendant's willful and bad faith actions and other wrongful acts.

## PARTIES

3. BeSweet is a Florida limited liability company having its principal place of business in Broward County, Florida.

4. The true name(s) of Defendant is unknown to Plaintiff at this time.  Upon information and belief, Defendant is either one or more natural persons or an organized entity having a return postal address of Retail Services, 3 Saras Way, Bethel CT 06801-2949 and eBay.com seller accounts named theattic8183 and rmcclain1954.

## JURISDICTION

5. This action arises under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 US.C. §1051 et seq.  This Court has subject matter jurisdiction of this action pursuant to 28

U.S.C. §1331, 1338(a), 1338(b), and 15 U.S.C. §1121, in that this action arises under Acts of Congress relating to trademark.

6. This Court has personal jurisdiction over Defendant because Defendant has committed tortious acts in this District through Defendant's advertising and sale of imitation vitamin products using Plaintiff's packaging, branding, and an appearance through a website accessible in this District, as part of a broad, long-term e-commerce business that extended its reach to consumers in this District and shipped products to consumers in this District; because Defendant has purposefully directed its course of conduct and other infringing acts toward, and has injured, Plaintiff, which is an entity having its principal place of business in this District; and because a substantial portion of the property that is the subject of this action, namely Plaintiff's intellectual property is situated within this District.

## VENUE

7. Venue is proper as to Defendant in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District; a substantial part of property that is the subject of this action is situated in this District; and because Defendant subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

8. Plaintiff is in the business of, *inter alia*, (1) marketing and selling vitamins and vitamin preparations and dietary and nutritional supplements (collectively, "vitamin products") and (2) providing online retail store services featuring vitamin products in interstate commerce. Plaintiff generally markets and sells its vitamin products through not only its website at

sugarbearhair.com, but also through various online marketplace and ecommerce websites as well as on various online social media sites.

9. Plaintiff adopted its SUGARBEARHAIR standard character trademark, SUGAR BEAR HAIR special form trademark (  ), and BEAR design trademark (  ) in 2015 to identify its online retail store services and/or a line of vitamin products, including a Hair Vitamin formulation, and to distinguish its vitamin products from other products on the market. Since that time, Plaintiff has continuously used its trademarks in commerce in connection with the marketing, selling and performing of Plaintiff's retail store services and certain vitamin products and has acquired substantial goodwill in connection with its use of these SUGAR BEAR HAIR related marks.

10. Plaintiff is the owner of a federal trademark registration for each of these SUGAR BEAR HAIR related marks in connection with online retail store services and/or vitamin products (more fully described in the certificates of registration attached hereto). Federal

registration number 4,985,290 relates to the SUGARBEARHAIR standard character trademark for both online retail store services and vitamin products, federal registration number 5,085,512 relates to the SUGAR BEAR HAIR special form trademark for both online retail store services and vitamin products, and federal registration number 5,033,503 relates to the BEAR design trademark for vitamin products.

11. Plaintiff's federal trademark registrations are valid and subsisting. A copy of the registrations are attached to this Complaint as **Exhibit A** and hereby incorporated by this reference.

12. Plaintiff's SUGARBEARHAIR standard character trademark and SUGAR BEAR HAIR special form trademark registrations are generally prima facie evidence of Plaintiff's exclusive right to use and authorize the use of the SUGAR BEAR HAIR related marks in commerce in connection with vitamin products and/or online retail store services.

13. The words which define SUGARBEARHAIR standard character trademark, and which comprises the literal element of the SUGAR BEAR HAIR special form trademark, namely "Sugar Bear Hair" creates a single and distinct commercial impression that does not describe vitamin products or online retail store services offered by Plaintiff under those marks.

14. Plaintiff has expended considerable sums in marketing its vitamin products and online retail store services and has exerted every effort to maintain the highest standard of quality for said products and services, creating goodwill under the SUGAR BEAR HAIR related marks among the purchasing public. Consumers in Florida and from other states have come identify Plaintiff for vitamin products and online retail store services provided under the SUGAR BEAR HAIR related marks and to trust Plaintiff for the safe and effective products and fair and honest dealings offered under said marks.

15. Through Plaintiff's longstanding use and promotional activities related to the SUGAR BEAR HAIR related marks, including the BEAR design trademark, and due to the widespread and favorable public acceptance and recognition of those marks, each of the SUGAR BEAR HAIR related marks have become a distinctive designation of the source of origin for Plaintiff's goods and/or services.

16. Plaintiff has enjoyed considerable success and is well known as the source of origin of vitamin products and online retail store services to consumers from Florida and from other states under the SUGAR BEAR HAIR related marks. Indeed, Plaintiff's Hair Vitamin formulation is the #1 bestselling hair vitamin online since 2016 and is well known as the world's first gummy vegetarian hair multivitamin.

17. Plaintiff owns rights in Florida and throughout the United States in and to the SUGAR BEAR HAIR related marks for vitamin products and online retail store services which are superior to any rights which Defendant may claim in and to said marks in any form or style.

18. In 2018, Plaintiff became aware that Defendant was, *inter alia*, selling, offering for sale, and advertising a vitamin product online, through a website accessible in this District, using the packaging, branding, and an appearance that was identical to the packaging, branding, and an appearance used by Plaintiff in selling its Hair Vitamin formulation. A true and correct copy of select listings from the eBay.com is attached to this complaint as **Exhibit B**, and incorporated by this reference. Purchases made through each of these listings resulted in a delivery of vitamins that were packaged and branded in an manner that was identical to what is used for Plaintiff's Hair Vitamin formulation and were sent from Retail Services, 3 Saras Way, Bethel CT 06801-2949.

- 7 -

19. Defendant's sale, offering for sale, and advertising of a vitamin product having the packaging, branding, and an appearance that is identical to the packaging, branding, and an appearance used by Plaintiff in selling Plaintiff's Hair Vitamin formulation constitutes fraud. Defendant's vitamin products are not manufactured, distributed, or otherwise offered by Plaintiff, or done so with the permission of Plaintiff. Plaintiff has not authorized Defendant to use, in any way, Plaintiff's decorative bottle or Plaintiff's trademark name, designs and vitamin appearance (e.g., the SUGAR BEAR HAIR related marks). Defendant is in no way affiliated with Plaintiff.

20. By using packaging, branding, and an appearance that is identical to the packaging, branding, and an appearance used by Plaintiff in selling its Hair Vitamin formulation, Defendant is passing itself off as a representative, agent and/or partner of Plaintiff. Defendant is intentionally creating the appearance that Defendant's vitamin products are the same as those offered by Plaintiff.

Plaintiff's Hair Vitamin Formulation Product          Defendant's fraudulent vitamin product[1]

 

21.    Customers who encounter Defendant's unauthorized uses of Plaintiff's SUGAR BEAR HAIR related marks in association with the sale of Defendant's fraudulent vitamin product are likely to believe that Defendant and its fraudulent vitamin product are sourced from, approved by, associated with, and/or affiliated with Plaintiff when, in fact, that is not the case.

22.    Defendant's use of Plaintiff's trademark name, designs and vitamin appearance, as well as its use of an imitation of Plaintiff's decorative bottle, to sell and advertise and its fraudulent vitamin product has occurred and continues to occur with at least constructive notice of Plaintiff's trademark rights by virtue of Plaintiff's federal trademark registrations.

23.    On information and belief, Defendant's use of Plaintiff's trademark name, designs and vitamin appearance, as well as its use of an imitation of Plaintiff's decorative bottle, to sell

---

[1] Actual bottle received from Defendant.

and advertise and its fraudulent vitamin product was done with full knowledge of SUGAR BEAR HAIR related marks and has been a willful, intentional, and deliberate course of action designed specifically to trade upon the goodwill associated with Plaintiff's SUGAR BEAR HAIR related marks.

24. By using Plaintiff's trademark name, designs and vitamin appearance, as well as its use of an imitation of Plaintiff's decorative bottle, to sell and advertise and its fraudulent vitamin product, Defendant has and/or is attempting to unfairly profit from the name, reputation, and advertising of Plaintiff.

25. Defendant's use of Plaintiff's trademark name, designs and vitamin appearance, as well as its use of an imitation of Plaintiff's decorative bottle, to sell and advertise and its fraudulent vitamin product which is offered in competition with Plaintiff's Hair Vitamin formulation, causes the likelihood of confusion, mistake or deception as to whether its fraudulent vitamin product are sponsored, affiliated, or approved by Plaintiff or whether Plaintiff's Hair Vitamin formulation is affiliated or associated with Defendant.  Such conduct by Defendant deprives Plaintiff of the ability to control the quality of the goods marketed under the infringed marks, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control.

26. Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

27. The goodwill of Plaintiff for vitamin products and online retail store services that has been acquired under its SUGAR BEAR HAIR related marks is of significant value, and harm to such goodwill is irreparable.

28. Plaintiff has been and will continue to sustain damages which include lost income, profits, and business opportunities as well as irreparable harm to its business, reputation and goodwill as a direct and proximate result of Defendant's actions.

29. Plaintiff has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein and such acts have caused and will continue to cause damage and irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violations of Plaintiff's rights.

30. Defendant's actions will continue unless enjoined by this Court.

31. Plaintiff has retained the law firms of Kopelowitz Ostrow PA and The Keys Law Firm, PLLC to represent its interest in these proceeding and is obligated to pay the firms a reasonable attorney's fee and court costs, which fees and costs are recoverable from Defendant under federal and state law.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

32. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 31.

33. Plaintiff owns a federal trademark registrations for a plurality of SUGAR BEAR HAIR related marks, including a SUGARBEARHAIR standard character trademark for both online retail store services and vitamin products, a SUGAR BEAR HAIR special form trademark for both online retail store services and vitamin products, and a BEAR design trademark for vitamin products.

34. Each of the SUGAR BEAR HAIR related marks, including the BEAR design mark, has become a distinctive designation of the source of origin for Plaintiff's goods and/or services.

35. Defendant's adoption and use of the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark constitutes an unauthorized use of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered marks in commerce in connection with the sale, offering for sale, distribution, or advertising of vitamin products.

36. Defendant's adoption and use of the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark makes Defendant's products look like Plaintiff's. This not only creates a likelihood of consumer confusion, mistake or deception but is in fact intended to create consumer confusion mistake and deception as the marks are employed to trick consumers into thinking Defendant's vitamin products are those of Plaintiff's.

37. Defendant's infringing actions have been committed, and continue to be committed, with constructive and actual notice of the Plaintiff's registered marks and with the specific intent and purpose to trade upon the goodwill of Plaintiff's SUGAR BEAR HAIR related marks. Defendant's infringement is therefore intentional, willful, and deliberate.

38. Defendant infringing actions are causing and are likely to continue to cause substantial injury to the public and to Plaintiff. Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

## COUNT II
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. §1114

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 31.

40. Defendant, without authorization from Plaintiff, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Plaintiff's the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark in connection with the sale of vitamin products.

41. Defendant adopted, has used, and is continuing to use the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark in connection with the sale of vitamin products with full knowledge or a willful blindness of Plaintiff's ownership of these marks and with the deliberate intention to trick consumers into thinking Defendant's vitamin products are those of Plaintiff's so as to unfairly benefit from the incalculable goodwill inherent in the Plaintiff's SUGAR BEAR HAIR related marks.

42. Defendant's use of spurious designations that are identical to, or substantially indistinguishable from Plaintiff's registered marks makes Defendant's products look like Plaintiff's and thus creates a likelihood of consumer confusion, mistake or deception as to at least the source of Defendant's products.

43. Defendant counterfeiting is causing and are likely to continue to cause substantial injury to the public and to Plaintiff. Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.

WHEREFORE, Plaintiff demands judgment as set forth in the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against Defendant:

a) an entry of judgment declaring that Defendant has infringed Plaintiff's trademarks in violation of the Lanham Act and have engaged in trademark counterfeiting in violation of the Lanham Act;

b) a preliminary and permanent injunction which enjoins Defendant, its officers, directors, agents, servants, employees, successors and assigns and all others in concert and privity with it, from using the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark, or any confusingly similar mark or designation, in connection vitamin products, online retail services and/or any products and services which would reasonably be thought by the buying public to come from Plaintiff;

c) an entry requiring Defendant to file with the Court and provide to Plaintiff an accounting of all sales and profits realized as a result of Defendant's infringing, counterfeit and diluting actions;

d) an award of special and general damages in an amount to be determined during the course of the action, including but not limited to (1) all profits received by Defendant from sales and revenues of any kind made as a result of Defendant's infringing, counterfeit and diluting actions and all damages suffered by Plaintiff, or, (2) in the alternative at Plaintiff's election, statutory damages pursuant including without limitation those provided by 15 U.S.C. § 1117;

e) an entry declaring this case as exceptional, trebling said damages and awarding reasonable attorneys fees due to the egregious nature of Defendant's acts;

f) an award of interest, including prejudgment interest on the foregoing sums;

g) an award of the costs of suit incurred herein;

h) an entry requiring Defendant to immediately identify to Plaintiff each of their manufacturers, distributors, suppliers, website operators through whom Defendant has offered infringing products, and all others with whom they do business, and provide to each a copy of the Court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of the Court, the manufacturer, distribution, marketing, advertising, and sale of any vitamin products using Plaintiff's trademarks, or any confusingly similar trademark;

i) an entry requiring Defendant to deliver up for destruction all packaging, literature, advertising and other material in its possession custody and/or control that displays any mark belonging to Plaintiff, along with all means of making or producing the same, and remove all of its material that displays any mark belonging to Plaintiff from the Internet;

j) an entry (1) requiring Defendant to immediately identify to Plaintiff every purchaser of a product that displays any mark belonging to Plaintiff that was sold and every purchaser of a product that was purchased on a webpage that displayed any mark belonging to Plaintiff and/or (2) directing such other relief as the Court may deem appropriate to prevent consumers and public in general from deriving the erroneous impression that any product manufactured, sold or otherwise circulated or promoted

      by Defendant is authorized by Plaintiff or related in any way to Plaintiff's products or services;

k) an entry requiring Defendant to file with this Court and serve on Plaintiff's counsel within thirty days after the entry of an order, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the terms of the order and judgment herein; and

l) such other and further relief as the Court may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable as a matter of right.

On this 21st day of August, 2018.

Respectfully submitted,

| | |
|---|---|
| **KOPELOWITZ OSTROW** | **THE KEYS LAW FIRM, PLLC** |
| **FERGUSON WEISELBERG GILBER** | *Co-Counsel for the Plaintiff* |
| *Attorney for the Plaintiff* | 3550 SW 148th Ave, Suite 110 |
| One West Las Olas Blvd., Suite 500 | Miramar, Florida 33027 |
| Fort Lauderdale, Florida 33301 | 954-519-2041(Office) |
| Telephone: (954) 525-4100 | 954-519-2042(Fax) |
| Facsimile:  (954) 525-4300 | 954-519-2091(Direct) |
| | |
| By: /s/   David L. Ferguson\_\_\_\_\_ | By: _James Keys, III_____ |
|     DAVID L. FERGUSON |     James G. Keys, III |
|     Florida Bar No. 981737 |     Florida Bar No. 63943 |
|     ALEXIS FIELDS |     Jkeys@keyslawfirm.com |
|     Florida Bar 95953 | |
|     ferguson@kolawyers.com | |
|     Fields@kolawyers.com | |

## **VERIFICATION**

I, _____ declare as follows:

I am authorized by BESWEET CREATIONS, LLC, the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof and the same are true based upon my personal knowledge except as to such matters therein stated to be on information and belief, and as to those matters I believe to be true. Pursuant to the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct and further that these statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

**BESWEET CREATIONS, LLC**

Executed this ___ day of _____, 2018

 8/20/2018 12:19:18 PM PDT        By: _____

                                     Daniel J Morris